IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN K. MCPHEETERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-0137-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REMANDING CASE TO COMMISSIONER FOR FURTHER PROCEEDINGS**

Plaintiff Stephen K. McPheeters ("McPheeters") seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.* McPheeters has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

Plaintiff contends he became disabled beginning on January 1, 2008 due to major depression, social anxiety, memory loss, sinus problems, and knee pain. The Administrative Law Judge ("ALJ") denied McPheeters' application for benefits, finding he did not have an impairment or combination of impairments listed in, or medically equivalent to, one contained in the criteria of listings. The ALJ determined McPheeters retained the residual functional capacity ("RFC") to perform medium work except that, due to depression and anxiety, he was unable to perform tasks that were not repetitive and that involved detailed tasks or detailed instructions. He also found McPheeters could not work with the general public and could have only occasional interaction with coworkers. The ALJ determined that McPheeters could perform jobs

existing in significant numbers in the national economy, specifically those of laboratory equipment cleaner, dishwasher, and vegetable farm worker.

McPheeters argues the ALJ erred in (1) weighing the medical opinions of record; (2) failing to consider his obesity on his ability to work; (3) finding he was able to work full-time on a regular basis; (4) relying on testimony by the vocational expert ("VE") which is inconsistent with the Dictionary of Occupational Titles ("DOT"); and (5) by cutting-off his attorney's attempt to question the VE, which violated his right to due process. After carefully reviewing the record, the Court finds the ALJ erred in relying on testimony from the VE that conflicted with information in the DOT without providing any explanation. Accordingly, this case is remanded to the ALJ for additional proceedings consistent with this opinion.

## Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the

record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.

**I.      The ALJ erred in relying on testimony from the VE that conflicted with information in the DOT without recognizing this conflict or explaining it.**

Plaintiff argues that the VE's testimony identifying certain jobs he could perform despite his limitations conflicted with the job descriptions contained in the DOT. When there is an apparent conflict between the VE's testimony and the DOT's job descriptions, the ALJ must elicit a reasonable explanation for the conflict before he can rely on the VE's testimony to support a decision that the Plaintiff is not disabled. SSR 00-4p, 65 Fed. Reg. 75,759 (Dec. 4, 2000). The ALJ must also explain in his decision how this conflict was resolved. *Id.* If there is an "unrecognized, unresolved, and unexplained conflict between the VE's testimony and the DOT, the VE's testimony cannot provide substantial evidence to support the ALJ's disability determination" and reversal is necessary. *Closson v. Astrue*, No. 06-4095-MHB, 2008 WL 504013, at *10 (N.D. Iowa Feb. 21, 2008); *see also Jones v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003).

Here the ALJ's RFC excluded Plaintiff from performing jobs which "involve *detailed* tasks or *detailed* instructions." R. at 17 (emphasis added). The ALJ also posed a hypothetical which limited the Plaintiff to work that "does not involve dealing with *detailed* tasks or instructions." R. at 39 (emphasis added). The VE identified three jobs that the Plaintiff could

3

perform: lab equipment cleaner, kitchen helper/dishwasher, and vegetable farm worker. R. at 39. The former two are classified as occupations which require level two reasoning skills, which require the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles app. C, at 1011 (4th ed. rev. 2003), available at http://www.occupationalinfo.org/contents.html. Unlike a job requiring level one reasoning skills, which merely "requires the ability to understand and carry out simple instructions," "a job rated reasoning level two requires the ability to understand and carry out *detailed* instructions." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) (emphasis added); *see also Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010) (observing occupations with a reasoning development level of one involve only simple instructions). Thus, there is a conflict here between the VE's testimony and the DOT: The VE testified that Plaintiff can perform jobs which the DOT classifies as beyond Plaintiff's reasoning skills. Additionally, the ALJ did not recognize, resolve, or explain this conflict in his decision.

The Commissioner argues that a person limited to simple work can still perform jobs which require level two reasoning skills, and cites *Moore v. Astrue* in support. 623 F.3d 599, 604 (8th Cir. 2010) (holding that the ALJ did not err on relying on the VE's testimony that claimant who was limited to carrying out simple job instructions and performing simple, repetitive work at the unskilled task level could perform occupations using level two reasoning skills). The Commissioner contends *Moore* stands for the proposition that any person able to perform simple work is also able to perform work requiring level two reasoning.

*Moore*, however, is distinguishable from this case. In *Moore*, the ALJ determined that the claimant could perform simple work and made no finding whether he could perform detailed work. By contrast, the ALJ here specifically found that the Plaintiff "is unable to perform tasks .

4

. . that involve *detailed* tasks or *detailed* instructions," but then held he could perform jobs which by definition require an ability to understand and carry out *detailed* instructions. These are contradictory findings which the ALJ must recognize and explain.

The ALJ's failure to provide any explanation for this discrepancy precludes affirmance. *See Jones*, 315 F.3d at 979 (noting "an ALJ cannot rely on expert testimony that conflicts with job classifications in the DOT unless there is evidence in the record to rebut those classifications"). Accordingly, the Court orders remand.[1]

### Conclusion

For the reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  February 12, 2013   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] There is no need to address Plaintiff's remaining arguments.